IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number: 07-cv-02324-WYD-MEH

XANTREX TECHNOLOGY, INC.,

    Plaintiff,

v.

ADVANCED ENERGY INDUSTRIES, INC., and
CHRISTOPHER S. THOMPSON,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Upon the showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of highly confidential, confidential information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information, whether in oral, written, paper or electronic form, disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any party, or any third party subject to discovery in this action ("The Litigation") may designate as "Confidential" or "Highly Confidential" any document or other

material that such party believes to contain "Confidential Information" or "Highly Confidential Information" as defined below, including without limitation, any information produced pursuant to a discovery request (whether in paper or electronic form), any document marked as an exhibit at any deposition taken in this proceeding, any information given orally at a deposition or otherwise, or the transcript of any deposition taken in this proceedings, or any information provided in writing in any interrogatories, or otherwise, if it reflects, refers to or evidences any "Confidential Information" or "Highly Confidential Information."

4. All "Confidential" or "Highly Confidential" documents produced by any party or non-party in The Litigation shall be used by the party or agent receiving or reviewing such documents only for the purposes of preparing for and conducting The Litigation.

5. For purposes of this Protective Order, the term "Confidential Information" means information that counsel of record for the designating party has determined, in good faith, constitutes non-public Confidential proprietary data, proprietary business information, and/or research, development, personnel, or commercial information. Information shall be designated as "Confidential" only upon the good faith belief that the information falls within the scope of Confidential information under the Federal Rules of Civil Procedure and the precedents thereto.

6. For purposes of this Protective Order, the term "Highly Confidential Information" means information that counsel of record for the designating party has determined, in good faith, constitutes or refers or relates to non-public highly sensitive commercial and/or competitive information such as, but not limited to: (a) trade

secrets; (b) information about new services or products that are in the planning stage or that the designating party plans to introduce but that are not yet offered for sale; (c) the designating party's current or future marketing plans for any of its services or products; (d) information concerning the pricing of services or products, sales volumes and advertising expenditures; (e) financial information; and (f) consumer and marketing research and documents that refer or relate thereto (except those conducted specifically for The Litigation).

7. "Confidential" or Highly Confidential Information" shall be designated specifically by marking the thing and/or each page of a document produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In lieu of marking and producing the original of a document, a marked copy thereof may be produced, provided that the unmarked original is kept available by the producing party for inspection. If document is produced electronically, such document may be designated by appending the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the media on which the document is produced, or to any image of such document.

8. In the event that an original copy of a documents is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as set out in Paragraph 7, and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the receiving party is actually aware of such fact.

9. Such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be made at the time documents or materials are produced or within fifteen (15) days

thereafter. In the case of depositions, the designations shall be made by so stating on the record of the deposition. Notwithstanding the foregoing, documents, materials or deposition testimony that are not designated "Confidential" or "Highly Confidential" at the time of production may subsequently be designated as "Confidential" or "Highly Confidential" within 15 days of the date of production, or within such other time period allowed by the Court upon motion, by the disclosing party in a letter to the receiving party that specifically describes each documents materials, or testimony so designated, and the receiving party shall treat those documents as "Confidential" or "Highly Confidential" as of the date of their designation.

10. Documents or materials marked as "CONFIDENTIAL" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom shall not be disclosed to anyone other than to "Qualified Persons--CONFIDENTIAL," who are defined to consist of:

    (a) Counsel to the parties to The Litigation, including in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

    (b) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action after being advised of the terms of this Stipulated Protective Order and agreeing in writing to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph;

    (c) Any witness at deposition or at trial who is employed or was previously employed by the producing party at the time the Confidential document was prepared or disseminated, as well as any person who created, sent or received the

document in the ordinary course of business as demonstrated by the evidence, *provided that* any such witness or person is advised of the terms of this Stipulated Protective Order and agrees in writing to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph;

(d) Any person noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, *provided that* any such witness or person is advised of the terms of this Stipulated Protective Order and agrees in writing to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph;

(e) Any court reporter or typist recording or transcribing testimony;

(f) The Court and court personnel (in the manner provided by Paragraph 9 hereof);

(g) Such other persons agreed to by all parties in writing or ordered by the Court; and

(h) Named parties to this litigation (or their representatives) who have a need to know the information, after being advised of the terms of this Stipulated Confidentiality Agreement and agreeing in writing to abide by its terms to not disclose any Confidential Material to any persons not included in this paragraph.

11. Documents or materials designated as "HIGHLY CONFIDENTIAL" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom shall not be disclosed summarized, described, or otherwise communicated or made available in whole or in part to anyone except "Qualified Persons-HIGHLY CONFIDENTIAL," who are to consist of:

(a) Counsel to the parties to The Litigation, excluding in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

(b) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action after being advised of the terms of this Stipulated Protective Order and agreeing in writing to abide by its terms to not disclose any Highly Confidential material to any persons not included in this paragraph;

(c) any person who created, sent or received the document in the ordinary course of business as demonstrated by the evidence, *provided that* any such witness or person is advised of the terms of this Stipulated Protective Order and agrees in writing to abide by its terms to not disclose any Highly Confidential material to any persons not included in this paragraph.

(d) Any court reporter or typist recording or transcribing testimony;

(e) The Court and court personnel (in the manner provided by Paragraph 9 hereof); and

(f) Such other persons agreed to by all parties in writing or ordered by the Court.

12. During a duly noticed deposition, documents or materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be disclosed to any witness designated by the party that produced those documents or materials. At the request of any party, attendance at depositions may be restricted to the persons designated in Paragraph 10 or 11, as applicable .

13. A party may object to the designation of particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by giving written notice to the party

designating the disputed information within 15 days of its designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. During the pendancy of any such motion, the disputed information shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion.

14. In connection with a motion filed under this provision and provision 13, the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

15. Inadvertent disclosure and/or production of documents claimed to be subject to either the attorney-client privilege or work product doctrine does not waive the applicability of such privilege or doctrine either generally or relative to the inadvertently disclosed and/or produced documents. If any such documents are inadvertently disclosed to the receiving party by the producing party, the producing party may request that the receiving party return such documents to the producing party, and the receiving party must immediately comply by, to the extent reasonably practicable and consistent with the technology used by the producing party to produce the documents, returning such documents and

destroying any copies, notes or memoranda concerning the privileged information. If, however, the receiving party disagrees with the claim of privilege or work-product protection as to an inadvertently disclosed and/or produced document, the receiving party may object to the return of the document by giving written notice to the party claiming the privilege. The written notice shall identify the document to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party claiming the privilege or protection to file an appropriate motion requesting that the Court determine the validity of the privilege or protection claim. If the party claiming the privilege or protection fails to file such a motion within the prescribed time, the receiving party may retain the disputed document, which shall not thereafter be treated as privileged or protected. In connection with a motion filed under this provision, the party claiming the privilege or protection shall bear the burden of establishing that good cause exists for the disputed document to be treated as privileged or protected. The disputed document shall be treated as privileged or protected until either the Court rules on the motion filed under this provision, or the time for filing such a motion has expired. The parties acknowledge that issues of privilege may also arise under foreign law and/or may be litigated in the foreign proceedings. Nothing in this agreement is intended to affect any party's right to claim privilege or work product protection in the foreign proceedings, or any counter argument or argument of waiver in respect of any such claim.

16. Documents or materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall not be filed with the Clerk of Court. Parties submitting to the Court documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall follow the procedure set forth in Colorado Local Rules 7.2 and 7.3. Any party or member of the public may challenge the filing of papers *in camera* under the Local Rules. In the event of a challenge, the party asserting confidentiality will have the burden of proving the same.

17. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall, upon written request, be returned to the party that designated it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or the parties may elect to destroy such documents. Where the parties agree to destroy "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard. DATED this 10th day of December 2007.

                                          BY THE COURT:

                                          __s/ Michael E. Hegarty_____
                                          United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Gregory S. Tamkin | /s Sean R. Gallagher |
| Gregory S. Tamkin | Sean R. Gallagher |
| R. Stephen Hall | Tamera D. Westerberg |
| Evan M. Rothstein | Hogan & Hartson LLP |
| DORSEY & WHITNEY LLP | 1200 17th Street, Suite 1500 |
| 370 17th Street, Suite 4700 | Denver, CO 80202 |
| Denver, CO 80202-5647 | Telephone: (303) 899-7300 |
| Telephone: (303) 629-3400 | Facsimile: (303) 899-7333 |
| Facsimile: (303) 629-3450 | E-mail: srgallgher@hhlaw.com |
| E-mail: tamkin.greg@dorsey.com | E-mail: tdwesterberg@hhlaw.com |
| E-mail: hall.stephen@dorsey.com | |
| E-mail: rothstein.evan@dorsey.com | **ATTORNEYS FOR DEFENDANTS ADVANCED ENERGY INDUSTRIES AND CHRISTOPHER S. THOMPSON** |
| **ATTORNEYS FOR PLAINTIFF XANTREX TECHNOLOGY INC.** | |